UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO
Case No. 1:24-cv-01160-JFR-KK

| | |
|---|---|
| EDDIE RODRIGUEZ, Individually and for Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>FREEPORT-MCMORAN, INC.,<br><br>Defendant. | **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FILED IN CASE NO. D-101-CV-2024-02468** |

Defendant Freeport-McMoRan Inc. ("Freeport"), by and through counsel, file this Answer to Plaintiff Eddie Rodriguez's ("Plaintiff") Complaint, brought individually and for others similarly situated, and assert the following affirmative defenses:

**ANSWER**

*SUMMARY*[1]

1. Freeport admits that Plaintiff brings the claims stated in Paragraph 1, but denies that Plaintiff is entitled to the relief sought as alleged in Paragraph 1.

2. Freeport denies the allegations in Paragraph 2.

3. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 3.

4. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses

---

[1] Freeport reproduces the headings as they appear in Plaintiff's Complaint for the ease of the reader, denoted with italics. The headings contain summations and general conclusions, and therefore a direct response to the allegations is not required. To the extent responses are deemed required, Freeport denies the allegations contained within the headings.

"Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 4.

5. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 5.

6. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 6.

7. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 7.

8. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 8.

9. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 9.

10. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 10.

11. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 11.

12. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 12.

13. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 13.

14. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport admits that Plaintiff brings the claims stated in Paragraph 14, but denies that Plaintiff is entitled to the relief sought as alleged in Paragraph 14.

***JURISDICTION AND VENUE***

15. Paragraph 15 contains legal conclusion to which no answer is required. To the extent an answer is required, Freeport denies the allegations in this paragraph.

16. Paragraph 16 contains legal conclusion to which no answer is required. To the extent an answer is required, Freeport denies the allegations in this paragraph.

17. Paragraph 17 contains legal conclusion to which no answer is required. To the extent an answer is required, Freeport denies the allegations in this paragraph.

18. Freeport denies the allegations in Paragraph 18.

19. Paragraph 19 contains legal conclusion to which no answer is required. To the extent an answer is required, Freeport denies the allegations in this paragraph.

20. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 20.

*PARTIES*

21. Freeport is without information and knowledge to respond to, and thus denies, the allegations in Paragraph 21.

22. Freeport denies the allegations in Paragraph 22.

23. Freeport denies the allegations in Paragraph 23.

24. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "pre-shift off the clock policy" and "bonus pay scheme" as an undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 24.

25. Freeport denies the allegations in Paragraph 25.

26. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "bonus pay scheme" as undefined terms of art. Subject to that objection, Freeport denies the allegations in Paragraph 26.

27. Freeport admits that Plaintiff brings the claims stated in Paragraph 27, but denies that Plaintiff is entitled to the relief sought as alleged in Paragraph 27.

28. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport admits that Plaintiff brings the claims stated in Paragraph 28, but denies that Plaintiff is entitled to the relief sought as alleged in Paragraph 28.

29. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 29.

30. Freeport admits the allegations in Paragraph 30.

31. Freeport denies the allegations in Paragraph 31.

32. Paragraph 32 contains legal conclusion to which no answer is required. To the extent an answer is required, Freeport denies the allegations in this paragraph.

**FACTS**

33. Freeport admits that the quote in Paragraph 33 is contained in the cited website.

34. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 34.

35. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, denies the allegations in Paragraph 35.

36. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 36.

37. Freeport denies the allegations in Paragraph 37.

38. Freeport is without information and knowledge to respond to, and thus denies, the allegations in Paragraph 38.

39. Freeport denies the allegations in Paragraph 39.

40. Freeport denies the allegations in Paragraph 40.

41. Freeport admits that Plaintiff worked approximately four days per week, but denies the remaining allegations in Paragraph 41.

42. Freeport denies the allegations in Paragraph 42.

43. Freeport denies the allegations in Paragraph 43.

44. Freeport denies the allegations in Paragraph 44.

45. Freeport denies the allegations in Paragraph 45.

46. Freeport denies the allegations in Paragraph 46.

47. Freeport denies the allegations in Paragraph 47.

48. Freeport denies the allegations in Paragraph 48.

49. Freeport denies the allegations in Paragraph 49.

50. Freeport denies the allegations in Paragraph 50.

51. Paragraph 51 contains a legal conclusion to which no answer is required. To the extent an answer is required, Freeport denies the allegations in Paragraph 51.

52. Freeport denies the allegations in Paragraph 52.

53. Freeport denies the allegations in Paragraph 53.

54. Freeport denies the allegations in Paragraph 54.

55. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the in Paragraph 55.

56. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 56.

57. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 57.

58. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 58.

59. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 59.

60. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 60.

61. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 61.

62. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 62.

63. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 63.

64. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 64.

65. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 65.

66. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection,

Freeport denies the allegations in Paragraph 66.

67. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 67.

68. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 68.

69. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 69.

70. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 70.

71. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "bonus pay scheme" as an undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 71.

72. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "bonus pay scheme" as an undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 72.

73. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "bonus pay scheme" as an undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 73.

74. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "bonus

pay scheme" as an undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 74.

75. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" and "bonus pay scheme" as a vague, ambiguous, and undefined terms of art. Subject to that objection, Freeport denies the allegations in Paragraph 75.

76. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 76.

### *CLASS ACTION ALLEGATIONS*

77. Freeport admits that Plaintiff brings the claims stated in Paragraph 77, but denies that Plaintiff is entitled to the relief sought as alleged in Paragraph 77.

78. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 78.

79. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 79.

80. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 80.

81. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 81.

82. Freeport denies the allegations in Paragraph 82.

83. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 83.

84. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 84.

85. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 85.

86. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 86.

87. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 87.

88. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 88.

89. Freeport denies the allegations in Paragraph 89.

90. Freeport denies the allegations in Paragraph 90.

91. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection,

Freeport denies the allegations in Paragraph 91.

92.     Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 92.

93.     Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 93.

94.     Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 94.

95.     Freeport is without knowledge and information sufficient to formulate a response to, and thus denies, the allegation in Paragraph 95.

96.     Freeport denies the allegations in Paragraph 96.

97.     Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 97.

98.     Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 98.

99.     Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 99.

100.    Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses

"Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 100.

101.   Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 101.

102.   Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 102, including its subparagraphs.

103.   Freeport denies the allegations in Paragraph 103.

104.   Freeport denies the allegations in Paragraph 104.

**CAUSE OF ACTION**
*Failure to Pay Overtime Wages Under NMMWA*

105.   Freeport admits that Plaintiff brings the claims stated in Paragraph 105, but denies that Plaintiff is entitled to the relief sought as alleged in Paragraph 105.

106.   Freeport denies the allegations in Paragraph 106.

107.   Paragraph 107 contains legal conclusion to which no answer is required. To the extent an answer is required, Freeport denies the allegations in this paragraph.

108.   Paragraph 108 contains legal conclusion to which no answer is required. To the extent an answer is required, Freeport denies the allegations in this paragraph.

109.   Paragraph 109 contains legal conclusion to which no answer is required. To the extent an answer is required, Freeport denies the allegations in this paragraph.

110.   Paragraph 110 contains legal conclusion to which no answer is required. To the extent an answer is required, Freeport denies the allegations in this paragraph.

111.   Paragraph 111 contains legal conclusion to which no answer is required. To the

extent an answer is required, Freeport denies the allegations in this paragraph.

112. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 112, including its subparagraphs.

113. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 113, including its subparagraphs.

114. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 114, including its subparagraphs.

115. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 115, including its subparagraphs.

116. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 116, including its subparagraphs.

117. Freeport objects to this paragraph as vague and ambiguous, as Plaintiff uses "Hourly Employees" as a vague, ambiguous, and undefined term of art. Subject to that objection, Freeport denies the allegations in Paragraph 117, including its subparagraphs.

### VII. JURY DEMAND

118. Freeport admits that Plaintiff brings the claims stated in Paragraph 118, but denies that Plaintiff is entitled to the relief sought as alleged in Paragraph 118.

## VIII.  RELIEF SOUGHT

The remaining paragraphs and subparagraphs contain Plaintiff's prayer for relief, to which no response is required.  To the extent is response is required, Freeport denies that Plaintiff is entitled to the relief sought as alleged.

### ADDITIONAL DEFENSES

Freeport asserts the following affirmative and other defenses without assuming any burdens of production, persuasion, or proof that, pursuant to law, are not legally assigned to Freeport and are Plaintiffs' burden to prove.

1. The Complaint fails to state a claim on which relief may be granted.

2. Freeport did not employ Plaintiff as defined by New Mexico state law.

3. Some or all of the claims asserted in the Complaint are barred by the applicable statute of limitations.

4. All or part of the time for which Plaintiff seeks compensation was spent engaged in activities that were not compensable.

5. All or part of the time for which Plaintiff and the individuals he seeks to represent seek compensation constitutes gap time for which no recovery is permitted.

6. All or part of the time for which Plaintiff and the individuals he seeks to represent seek compensation is barred by the doctrine of *de minimis non curat lex*.

7. Plaintiff's claims and the claims of the individuals he seeks to represent are barred to the extent they failed to comply with policies and procedures requiring Plaintiff, and other class members, to record all hours worked for payroll purposes, and Freeport did not otherwise know, or have reason to know, that they were performing compensable work activities.

8. Plaintiff and the individuals he seeks to represent seek are not entitled to recover

liquidated damages because any act or omission of Freeport in violation of applicable law, which Freeport expressly denies, was in good faith, with the belief that it was legal, and the result of an honest misunderstanding, mistake, or reasonable dispute, or other good cause.

9. Plaintiff and the individuals he seeks to represent are not entitled to a three-year limitations period under 29 U.S.C. § 255(a) because even if they were able to prove an alleged violation, which Freeport expressly denies, any such violation was not willful.

10. Plaintiff's claims and the claims of the individuals he seeks to represent are barred to the extent they seeks to assert claims on behalf of other employees who are not similarly situated with respect to matters alleged in the Complaint.

11. Current and former employees of Freeport are not similarly situated for purposes of class action treatment.

12. Plaintiff's claims and the claims of the individuals he seeks to represent are barred to the extent they seek compensation for activities that are non-compensable under the Portal to Portal Act, including 29 U.S.C. § 254(a).

13. To the extent any amounts are found due and owing, which Freeport expressly denies, Freeport is entitled to an offset or credit equal to the amounts paid, or overpaid, to them, including but not limited to premium payments under 29 U.S.C. § 207(e).

14. Plaintiff and the individuals he seeks to represent cannot satisfy the requirements for a class action under Rule 23.

15. Plaintiff's claims and the claims of the individuals Plaintiff seeks to represent are barred in whole or in part by the doctrine of waiver, including but not limited to waiver for their failure to complain during their employment that they were not properly compensated.

16. Plaintiff's claims and the claims of the individuals Plaintiff seeks to represent are

barred in whole or in part by the doctrine of laches.

17.   Plaintiff's claims and the claims of the individuals Plaintiff seeks to represent are barred in whole or in part by the doctrine of estoppel.

18.   Any recovery should be limited to the extent that Plaintiff and the individuals Plaintiff seeks to represent has failed to mitigate any of the damages alleged in the Complaint.

19.   Plaintiff's claims for pre-judgment interest should be stricken because such interest is not recoverable under the applicable state or federal law.

Freeport reserves the right to assert additional defenses of which it becomes aware during the course of discovery or its investigation of this matter.

Dated: November 29, 2024

OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.

/s/ *Ann-Martha Andrews*
Ann-Martha Andrews, SBN 148417
10801 W. Charleston Blvd., Suite 500
Las Vegas, NV 89135
Ann.andrews@ogletree.com
702-369-6800
602-778-3750 (fax)

*Attorneys for Defendant Freeport-McMoRan Inc.*

# CERTIFICATE OF SERVICE

I certify that on November 29, 2024, I electronically filed the foregoing **DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT FILED IN CASE NO. D-101-CV-2024-02468** with the Clerk of Court using the CM/ECF system, and certify further that I have served counsel of record:

Justin R. Kaufman, Esq.
Philip M. Kovnat, Esq.
Durham, Pittard & Spalding, LLP
505 Cerrillos Road, Suite A209
Santa Fe, NM 87501
505-986-0600
jkaufman@dpslawgroup.com
pkovnat@dpslawgroup.com

Michael A Josephson, Esq.
Andrew W. Dunlap, Esq.
Josephson Dunlap LLP
11 Greenway Plaza, Suite 3050
Houston, TX 77046
713-352-3300
mjosephson@mybackwages.com
adunlap@mybackwages.com

Richard J. Burch, Esq.
Bruckner Burch PLLC
11 Greenway Plaza, Suite 3025
Houston, TX 77046
713-877-8788
rburch@brucknerburch.com

*Attorneys for Plaintiff and Class*

Dated: November 29, 2024

OGLETREE DEAKINS NASH SMOAK & STEWART, P.C.

/s/ *Ann-Martha Andrews*
Ann-Martha Andrews, SBN 148417